# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1157 | **DATE** | 9/4/2012 |
| **CASE TITLE** | Isiah Elder et al. vs. Comcast Corporation et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, the motion to dismiss of defendants Comcast Corporation and Comcast Cable Communications Management, LLC [44] is granted. Count III of the plaintiffs' Amended Complaint [41] is dismissed. Plaintiffs are granted leave to file a Second Amended Complaint with additional allegations supporting a claim under the Illinois Wage Payment and Collection Act by 9/18/12.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiffs Isaiah Elder, Donald Hart, and Timothy Wharton have brought a putative class action against Comcast Corporation and Comcast Cable Communications Management, LLC (collectively "Comcast") alleging violations of the federal Fair Labor Standards Act ("FLSA") (Count I), the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1-105/15 (Count II), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1-115/16 (Count III). The plaintiffs allege that Comcast failed to compensate them for work they completed during pre-shift and post-shift activities, and during meal breaks, and failed to pay them overtime wages when appropriate. Pending before the court is Comcast's motion to dismiss the IWPCA claim. (Dkt. No. 44.) For the reasons explained below, that motion is granted, and the plaintiffs are granted leave to file a Second Amended Complaint by 9/18/12.

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. College Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

| STATEMENT |
|---|

## ANALYSIS

With certain exceptions not relevant here, the IWPCA requires every employer "at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 ILCS 115/3. Wages are defined as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. The IWPCA therefore does not provide an independent right to payment of wages and benefits; instead, it only enforces the terms of an existing contract or agreement. *See Sanchez v. Haltz Const., Inc.*, No. 09 C 7531, 2012 WL 13514, at *5 (N.D. Ill. Jan. 4, 2012) (citing *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986)). Accordingly, "for a person to state a claim under the Wage Collection Act, he or she must plead that wages or final compensation is due to him or her as an employee from an employer under an employment contract or agreement." *Landers-Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051, 1058 (Ill. App. Ct. 2005).

Significantly, "[a]n employment agreement need not be a formally negotiated contract," but is "'broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons; parties may enter into an 'agreement' without the formalities and accompanying legal protections of a contract.'" *Id.* at 1059 (quoting *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (2004). Moreover, "an employment agreement can be entirely implicit," and "employers and employees can manifest their assent to conditions of employment by conduct alone." *Id.* at 1058-59. Accordingly, "alleging that an entity paid a worker according to a demonstrable formula for work done is sufficient to raise an inference that the entity and the worker had an employment agreement that embodied the formula." *Id.* at 1058.

Here, the plaintiffs sole allegation related to the existence of an agreement states that:

> Defendants, by agreement, promised to pay Plaintiffs and class members an hourly rate for all time worked and overtime pay when they worked in excess of 40 hours per week. Amongst other places, this agreement is documented in Defendants' handbooks, which Plaintiffs and class members were required to review and acknowledge via signature.

(Dkt. No. 41 (Am. Compl.) ¶ 14.)

As stated, under the federal pleading standards, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The plaintiffs' only allegation related to the existence of an agreement beyond the conclusory statement that Comcast promised to pay class members, is the existence of the employee handbooks. As Comcast points out, however, the handbooks explicitly disclaim the creation of a contractual obligation. (*See, e.g.*, Dkt. No. 45, Ex. 1 ("2012 Handbook"), at 4 ("***The contents of the Comcast Employee Handbook are not intended to create an express or implied contract of employment and you may not rely on it as such.***"). Such a disclaimer is effective to preclude the formation of a contract under Illinois law. *See Garcia v. Kankakee Cnty. Housing Auth.*, 279 F.3d 532, 536 (7th Cir. 2002) (collecting cases). As another judge in the Northern District of Illinois has observed, however, "[c]ourts in this District appear to be divided on the question whether, as in the case of traditional contracts, employee handbook disclaimers also preclude the existence of 'agreements' in th[e] more general sense [contemplated by the IWPCA]." *Harris v. Seyfarth Shaw LLP*, No. 09 C 3795, 2010 WL 3701322, at *2 (N.D. Ill. Sept. 9, 2010) (collecting cases).

Rather than resolving that question, the court notes that the plaintiffs have indicated that, since filing their Amended Complaint, they have come into possession of additional facts indicating the existence of an agreement between Comcast and its employees regarding the employees' pay. (Dkt. No. 51, at 4-6.) It is appropriate to

**STATEMENT**

evaluate the sufficiency of the plaintiffs' complaint, if necessary, only after all relevant allegations are before the court. Accordingly, Comcast's motion to dismiss (Dkt. No. 44) is granted, and the plaintiffs are granted leave to file a Second Amended Complaint by 9/18/12. If Comcast believes that the Second Amended Complaint still fails to state a claim showing that the plaintiffs are entitled to relief, it may notice up another motion to dismiss before the court at the appropriate time.

*James F. Holderman*